**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SILAKOV SERGEI, <br><br>          Petitioner, <br><br>    v. <br><br> CHRISTOPHER LAROSE, *Warden, Otay Mesa Detention Center*, *et al.*, <br><br>          Respondents. | Case No. 26-cv-1431 (JMC) |

## SHOW CAUSE ORDER TO PETITIONER

Petitioner Silakov Sergei filed this petition for a writ of habeas corpus, identifying Respondents as "Christopher Larose, Warden, Otay Mesa Detention Center," and "Markwayne Mullin, U.S. Secretary of Homeland Security." ECF 1. The proper respondent in a habeas corpus action is Petitioner's custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) ("[T]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."). This "district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). According to Petitioner's filing, he is currently confined at the Otay Mesa Detention Center in San Diego, California. ECF 1 at 1. That institution is located within the jurisdiction of the United States District Court for the Southern District of California. It appears to the Court that Petitioner filed his habeas petition in this District—which has no connection to him or his case as far as the Court can tell—in error.

1

Petitioner is therefore **ORDERED** to show cause by June 1, 2026, why his petition should not be transferred to the United States District Court for the Southern District of California. In his response, Petitioner can either confirm that he filed his petition in this District by mistake or explain his theory about why he believes this Court can consider his petition.

  **SO ORDERED.**

               _____
               JIA M. COBB
               United States District Judge

Date: April 30, 2026